1
2
3
4
5
6
7
8

9                    **UNITED STATES DISTRICT COURT**

10                   **SOUTHERN DISTRICT OF CALIFORNIA**

11

12   LIBERTY MEDIA HOLDINGS, LLC, a            CASE NO. 10cv1809 WQH (BLM)
     California Corporation,
13                                              ORDER
                              Plaintiff,
14          vs.

15   JAMES MARCH, individually; PERRY
     SJOGREN, individually; DI S.A., a
16   foreign corporation; RYOICHI
     WATANABE, an individual; MARK
17   BURKE, an individual; JASON
     PHILLIPS, an individual; DAVID
18   SMITH, an individual; ADRUSH
     MEDIA, a foreign corporation;
19   NAMEVIEW, INC., a foreign
     corproation; MYCLICKTO.COM, a
20   California corporation; DIRECT
     PRIVACY ID 826C9; and DOES 1-500,
21
                              Defendants.

22   HAYES, Judge:

23          The matter before the Court is the Motion for Alternate Service on Defendants, Ryoichi

24   Watanabe, Jason Phillips, David Smith, Adrush Media, and Direct Privacy ID 826C9[1] (ECF

25   No. 9) filed by Plaintiff.

26                              **BACKGROUND**

27   _____

28          [1]  On December 17, 2010, Plaintiff filed a Voluntary Dismissal of Direct Privacy ID
     826C9 (ECF No. 13).

                                        - 1 -                        10cv1809 WQH BLM

On August 31, 2010, Plaintiff Liberty Media Holdings, LLC, filed the Complaint (ECF No. 1) and on October 18, 2010, Plaintiff filed a First Amended Complaint (ECF No. 6) alleging claims of cyberpiracy, cybersquatting, and trademark infringement against Defendants for their use of website domain names which target Plaintiff's trademark CORBIN FISHER. Plaintiff contends that Defendant Watanabe is "believed to be" a resident of Tokyo who registered an infringing domain name through Godaddy.com; Defendant Phillips is "believed to be" a resident of the UK who registered an infringing domain name through Publicdomainregistry.com; Defendant Smith is a foreign individual who registered infringing domain names through Above.com; and Defendant Adrush Media is a name holder for an infringing domain name registered through Directnic, Ltd. *Id*. at 4-8.

Plaintiff seeks an order from the Court allowing Defendants to be validly served via email. Plaintiff contends that the locations listed in the domain name information for Defendants Watanabe, Phillips, Smith, and Adrush Media are incorrect and were likely "used in order to evade process." (ECF No. 9-1 at 2). Plaintiff contends that it has diligently attempted to locate the physical addresses of Defendants, but has been unable to do so. Plaintiff contends that it has located the email addresses of Defendants Watanabe, Phillips, Smith, and Adrush Media. Plaintiff contends that, "Plaintiff is unaware of any international agreement with the Netherlands, the United Kingdom, Japan, Grand Cayman, or Australia which prohibits service via email." *Id*. at 5.

## DISCUSSION

Plaintiff bears the burden of effectuating proof of service. *See Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc*., 788 F.2d 535, 538 (9th Cir. 1986). To meet the due process requirement, "the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (quotation omitted).

Federal Rule of Civil Procedure 4(f) provides, in pertinent part:

> [A]n individual ... may be served at a place not within any judicial district of the United States:

1       (1) by any internationally agreed means of service that is reasonably calculated to give notice...

2

3       (3) by other means not prohibited by international agreement, as the court orders.

4    Fed. R. Civ. P. 4(f); *see also* Fed. R. Civ. P. 4(h) (providing that a foreign corporation must

5    be served in a manner prescribed by Rule 4(f)).  Service under Rule 4(f)(3) must be (1)

6    directed by the court; (2) not prohibited by international agreement; and (3) comport with

7    constitutional notions of due process.  *Rio Props., Inc.*, 284 F.3d at 1014-16.

8      Plaintiff states that it is "unaware" of any international agreement which prohibit service

9    via email on the Defendants.  The Court finds that at ths stage in the proceedings, the record

10   does not adequately demonstrate that service on Defendants via email is not prohibited by

11   international agreement.

12              **CONCLUSION**

13     **IT IS HEREBY ORDERED** that Plaintiff's  Motion for Alternate Service (ECF No.

14   9) is **DENIED**.

15   DATED:  December 20, 2010

16

17             **WILLIAM Q. HAYES**
          United States District Judge

18

19

20

21

22

23

24

25

26

27

28