Marc J. Randazza, Esq. SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
mjr@randazza.com

Attorney for Plaintiff
LIBERTY MEDIA HOLDINGS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br>A California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MARCH, individually; PERRY SJOGREN, individually; DI S.A, a foreign corporation; RYOICHI WATANABE, an individual; MARK BURKE, an individual; JASON PHILLIPS, an individual; DAVID SMITH, an individual; ADRUSH MEDIA, a foreign corporation; NAMEVIEW, INC. a foreign corporation; MYCLICKTO.COM, a California corporation, and DOES 1-500<br><br>Defendants. | Case No. 10-CV-1809-WQH-BLM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SECOND MOTION FOR ALTERNATE SERVICE ON DEFENDANTS RYOICHI WATANABE, JASON PHILLIPS, DAVID SMITH, AND ADRUSH MEDIA,** |

**I. INTRODUCTION**

1.     The Plaintiff, Liberty Media Holdings (hereinafter "Liberty") is the victim of a widespread campaign by individual and corporate "cybersquatters" – individuals who register and/or use domain names that are confusingly similar to the trademarks, registered or otherwise, of their targets.  They do so to profit either from selling the domain names on the domain name after-market, using the domain names to earn click-through advertising fees, affiliate fees, or merely to divert a certain percentage of traffic, otherwise destined to arrive at the Plaintiff's website, to other websites.   The Defendants in this action have all targeted Liberty's trademark

1

CORBIN FISHER®, and are diverting traffic from Liberty's website to their own websites or to other websites.

2.   The Defendants that are the subject of the instant motion are international trademark scofflaws.  Plaintiff has taken steps to personally serve all domestic defendants in this action, and has sent Waivers of Service along with the Complaint to all defendants either via email, mail, or both, however, service on these international defendants is best executed using alternate means of service pursuant to Fed. R. Civ. P., Rule 4(f)(3) and 4(h)(2).  Each of the Defendants that are the subject of this motion—Ryoichi Watanabe, Jason Phillips, Adrush Media, and David Smith—have corresponded with the Plaintiff and are fully aware of the action against them.  See Exhibits 1 and 2 and Declarations of Marc Randazza and Eric Gapp submitted herewith.

3.   As foreign Defendants, jurisdiction is proper in this, or any other, venue under Fed. R. Civ. P. Rule 4(k)(2).

4.   Good cause exists for the relief requested herein because the locations listed on the relevant Whois information for the infringing domains is, on information and belief, incorrect and used in order to evade process.  As such Defendants will completely evade liability for their illegal activities, leaving the Plaintiff with no reasonable means of relief if this Order is not granted.

5.   This motion is made pursuant to the express provisions of the Fed. R. Civ. P. 4(f)(3), (4)(h)(2) and 4(m).  The relief sought is not extraordinary and is specifically approved by the 9th Circuit.  See *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1013-1017, (9th Cir. 2002) ("service of process by email was proper," and "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'").

6.   This Second Motion is submitted to the Court to rectify deficiency in the original motion seeking the same relief (Doc. 9).  In the Court's Order on that motion, the Court determined that the record did not reflect that there is no international agreement prohibiting the relief sought.  This Motion addresses the deficiencies in the original and should satisfy the Court that the requested relief is both permissible and proper.

# II. THE COURT SHOULD ISSUE AN ORDER PERMITTING ALTERNATIVE SERVICE METHODS

**A.     Service via Email is Proper Under the Circumstances.**

7.      The Due Process Clause of the Fourteenth Amendment requires only that the method of service be *reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action* and afford them an opportunity to present their objections. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

8.      Plaintiff has already sent via email, mail, or both the Complaint, Exhibits, Summons, Notice of Commencement of Action and Request to Waive Service of Summons, and Waiver of Service of Summons forms to Defendants to the addresses provided on the Defendants' Whois information. See Declaration of Eric Gapp submitted herewith. This information is supposed to be accurate, but intellectual property infringers regularly (and understandably) prefer to provide false information. See Declaration of Marc Randazza submitted herewith.

9.      Additionally, Defendants Adrush Media, Ryoichi Watanabe, Jason Phillips, and David Smith have all been in communication with Plaintiff via email after receiving notice of the claims against them. See Exhibit 1. Therefore they have received the complaint and communicated with counsel for Plaintiff.

10.     Additionally, Adrush Media has transferred the infringing domain, www.corbin-fisher.com, to Plaintiff's control upon notification of the suit. See Exhibit 2. This, however, does not relieve it of its financial liability for the infringing registration and use.

11.     Service by email is widely approved of after the 9th Circuit allowed it in the landmark case, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007 (9th Cir. 2002) (approving service by e-mail). It should be permitted in this case.

**B.     Rule 4(f)(3) and (h)(2) Entitles Plaintiff to an Ex Parte Order Permitting Alternative Methods of Service, Including by E-Mail.**

12.     Fed. R. Civ. P. Rule 4 (f)(3) and Fed. R. Civ. P. 4(h)(2) provides for "Service" "upon Corporations" and "Upon Individuals in a Foreign Country…by other means not prohibited by

international agreement as may be directed by the court," which enables the court on *ex parte* motion to devise a method of service responsive to the unique facts of the particular case, including service by mail to the defendant's last known address, by ordinary mail and by e-mail. Fed. R. Civ. P. Rule 4, Notes.  See *Rio Properties, Inc. supra*, 284 F.3d 1007 (9th Cir. 2002) (courts have authorized a wide variety of alternative methods of service, including by e-mail, upon emergency motion); *New England Merchants Nat'l Bank v. Iran Power Generation and Transmission Co.*, 508 Supp. 49 (S.D N.Y. 1980) (permitting use of Telex to serve defendant); *Broadfoot v. Diaz ( In re Int'l Telemdia Assoc.)*, 234 B.R. 713, 719-20 (Bankr.N.D.Ga. 2000) (authorizing service via e-mail); *Williams v. Advertising Sex LLC.*, 231 F.R.D. 483 (N.D. W. Va. 2005) (email authorized, under F.R.C.P. 4(f)(3) and (h)(2), as an alternative method of service of process when such service upon foreign defendants would comport with due process). *Popular Enter's. v. Webcom Media Grp. Inc.*, 225 F.R.D. 560 (E.D. Tenn. 2004).

13.   The court in *Rio Properties, Inc.* concluded that after "examining the language and structure of Rule 4(f) and the accompanying advisory committee notes," there is "the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'…(citation).  It is merely one means among several which enables service of process on an international defendant." *Rio Properties, Inc., supra*, 284 F.3d at 1015, 1017.  See also *Viz Communications, Inc. v. Redsun*, 2003 WL 23901766 (N.D. Cal. 2003) (district court has discretion to allow service by e-mail; e-mail was the sole means of contact on defendants' web site, defendants were playing hide-and-seek with the federal court and email may be the only means of effecting service of process, and the court found that the defendants were informed sufficiently of the pendency of the lawsuit, and the Constitution required nothing more); *Popular Enter's*. 225 F.R.D. 560 (service of process upon a trademark infringement foreign defendant by e-mail was warranted and sufficiently apprised the interested parties of the pendency of an action).

14.   As the *Popular Enter's* Court held, relying upon *Rio Properties*:

> Accordingly, the court concludes that, under the facts in this action, service upon defendant by e-mail is fully authorized by *Federal Rule of Civil Procedure 4(f)(3)*.  Indeed, it is the method of service most likely to reach defendant. Service of process by e-mail is reasonably calculated to apprize defendant of the pendency of this action and afford it an opportunity to respond.  As stated by the Ninth Circuit Court of Appeals, "when faced with an international e-business

> scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process. *Rio, 284 F.3d at 1018.* Such is the case here. *Popular Enter's.*, 225 F.R.D. at 563.

15. The facts in the instant action are similar to that in *Rio Properties, Inc.*, in which the alternative method of service by e-mail was permitted. As in *Rio Properties, Inc.*, the Defendants in the instant action are located in abroad.

16. Plaintiff has engaged in diligent efforts to find the Defendants. Plaintiff has engaged in a series of email exchanges with Adrush Media, Ryoichi Watanabe, Jason Phillips, and David Smith, and has engaged in research aimed at finding a physical location for any defendant. See Declaration of Marc Randazza submitted herewith. Plaintiff's counsel has been unable to physically locate the Defendants' true locations and/or their true identities, other than by means of electronic mail addresses. Thus, Plaintiff will be unable to obtain traditional proof of service on these Defendants.The only reason to even consider denying the motion would be if it were prohibited by international agreement. "Rule 4(f)(3) allows service 'by other means not prohibited by international agreement, as the court orders.'" *In Re Potash Anti-Trust Litigation*, 667 F. Supp, 2d 907 (N.D. ILL. 2009) (allowing alternate service when requiring traditional service on foreign defendants would be futile).

17. The Plaintiff is unaware of any international agreement with the Netherlands, the United Kingdom, Japan, Grand Cayman, or Australia which prohibits service via email.

18. Moreover, the domain names and corresponding websites set up by Defendants are online entities, conducting business solely using the Internet. As such, email is the natural method for contacting these Defendants.

19. The public has a genuine interest in upholding trademark protections. See *Apple Computer v. Franklin Computer*, 714 F.2d 1240, (3d Cir. 1983). Defendants' illegal infringements flout the public policy underlying federal trademark law. The trademark laws further the public's interest in protecting business investment, intellectual property, and enforcing federal law. See *Autoskill, Inc. v. National Educational Support Systems, Inc.*, 994 F.2d 1476, 1499 (10th Cir.), *cert. denied*, 510 U.S. 916, 114 S.Ct. 307, 126 L.Ed.2d 254 (1993).

20. The requested relief serves the public interest by preserving the integrity of the United States' intellectual property laws. If international scofflaws can are allowed to hide behind

anonymity and false addresses, and believe that they can hide with impunity from United States courts as long as they never provide an accurate address in the Whois database or as long as they remain outside of the United States, then intellectual property theft will simply flow to countries where it is easiest to hide—rendering American trademark law meaningless.

21. Accordingly, Plaintiff requests issuance of an order permitting alternative methods of service of the Summons and Complaint pursuant to Fed. R. Civ. P. Rule 4(f)(3) and Fed. R. Civ. P. Rule 4(h)(2) by e-mail to the Defendants' last known (and self-listed) valid e-mail address.

**C. Email Service on the Defendants is not prohibited by international agreement.**

**I. The Hague Convention**

22. The Hague Convention of 15 November 1965 on The Service Abroad of Judicial and Extrajudicial Documents In Civil or Commercial Matters ("Convention") governs foreign service of process for signatory nations. See Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 15 No. 6638 (hereinafter " Convention"). All of the countries relevant to the instant motion are members of the Convention.

23. As the Convention was written in 1965, it is of no great surprise that the Convention does not specifically authorize service of process by email. However, the Convention leaves room for methods of service not specifically mentioned in the Convention's text. See Rio Properties, 284 20 F.3d 1007.

24. The portion of the Convention relied upon by U.S. Courts authorizing email service is Article 10(a), which permits litigants to "send judicial documents, by postal channels, directly to persons abroad" if the "State of destination does not object." U.S. courts have interpreted "by postal channels" to include electronic mail. Fed. R. Civ. P. 4(f)(3), (h)(2); *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007; 52 Fed. R. Serv. 3d 239 (9th Cir. 2002). See also *Lidas, Inc. v. United States*, 238 F.3d 1076, 1084 (9th Cir. 2001) (No requirement of actual receipt of service provided under Hague convention). Article 21 of the Convention permits any signatory state, at any time, to object to the use of any of the alternative methods of service permitted under Article 10. This Circuit holds that unless a signatory nation has made a specific objection, then alternate service, including by email, should be permitted. *Rio Properties*, 284 F.3d 1007.

## II. Objecting to Service via "Postal Channels"

25. The language of the Convention states under Article 10 "provided the State of destination does not object, the present Convention shall not interfere with a) the freedom to send judicial documents, by postal channels, directly to persons abroad." Under Article 21 of the Convention, if a signatory State finds that certain means of service serve as an abridgment of its sovereign power, it may 'object' to the adoption of the clause at issue.  To date, only Argentina, China, the Czech Republic, Egypt, Germany, Greece, the Republic of South Korea, Latvia, Lithuania, Luxembourg, Norway, Poland, the Slovak Republic, Sri Lanka, Switzerland, Turkey, Ukraine, and Venezuela have notified the Hague Conference on Private International Law on that they object to service in accordance with Article 10, sub-paragraph 'a' of the Convention. The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or 13 Commercial Matters (20 U.S.T 361, 658 U.N.T.S. 163, T.I.A.S. No. 6638, 28 USCA.

## III. E-mail Service

26. Many district courts have, therefore, allowed plaintiffs to serve foreign defendants by sending the summons and complaint by email. Fed. R. Civ. P. 4(f)(3), (h)(2); *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007.

27. In Nanya Tech. Corp. v. Fujitsu, Ltd., 2007 U.S. Dist. LEXIS 5754, *11 (D. Guam, January 26, 2007), the court held:

> The purpose and history of the Hague Convention, as well as the position of the U.S. State Department, convince us that "send" in Article 10(a) includes 'serve.' We therefore hold that the Convention permits—or, in the words of the Convention, does not 'interfere with'—service of process by international mail, so long as the receiving country does not object.

28. The court furthered this analysis as it relates to email in that,

> We should not lose sight of what service of process is about, it is about giving a party notice of the pendency of an action and the opportunity to respond. Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007, 1017 (9th Cir.2002). All that is required under Rule 4(f)(3) is that service be "directed by the court" and that the means of service "not be prohibited by international agreement [the Hague Convention]." Fed. R. Civ. P. 4(f)(3). The D. Guam, in affirming the magistrate's approval of email service, held that this means was "sufficient enough to give Fujitsu notice and an opportunity to respond. The Magistrate Judge's Order was neither clearly erroneous nor his legal conclusions contrary to law.

*Nanya Tech Corp.*, 2007 U.S. Dist. LEXIS 5754, *16-17.

29. Service of process by e-mail is an appropriate alternative method of serving foreign individuals and businesses, when defendants are "sophisticated participants in e-commerce," and "[Plaintiff] has provided e-mail addresses for defendant...and related website addresses through which [defendants] conduct e-commerce." *Williams v. Advertising Sex LLC et al.*, 231 F.R.D. 7483, 487 (N.D. W. Va. 2005).

### IV. Specific Countries

#### i. United Kingdom

30. The United Kingdom is fully receptive to email service of process. See *Crystal Decisions (UK) Ltd. v. Vedatech Corp.*, [2004] EWHC (Ch) 1872 (Eng.); *Habib Bank Ltd. v. Central Bank of Sudan*, [2006] EWHC 1767 (Comm). The United Kingdom rules state a variety of ways to effectuate service, including by "first class post" and has consistently ruled e-mail to be an appropriate form of service. See Generally, Paul Lambeth & Jonathan Coad, *Serving the Internet: Nowhere to Hide in Cyberspace*, CYBERSPACE LAW, Sept. 1996, at 6-7; Yvonne A. Tamayo, *Are You Being Served?: E-Mail and (Due) Service of Process*, 51 S.Car.L.Rev. 227, 244-246 (Winter 2000).

31. The Ninth Circuit has therefore, unsurprisingly, held that alternate service on U.K residents is permitted when the Plaintiff first requests the blessing of the District Court. *Brockmeyer v. May*, 383 F.3d 798 (9th Circ. 2004).

32. In *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, *5 (N.D. Cal. 2007), the Court held e-mail service on a defendant in the United Kingdom was an appropriate alternative form of service, "which would serve the purposes of ensuring the defendants receive adequate notice of this action and an opportunity to be heard." This decision echoed the Ninth Circuit in *Rio Properties* in which the court held service via electronic mail was a "method most likely to reach" the defendant. *Rio Properties*, 284 F.3d at 1014. Further, the court in *Williams-Sonoma* also held plaintiff sufficiently demonstrated that service via e-mail is not prohibited by countries (including United Kingdom) that defendants are located. See *Williams-Sonoma Inc.*, 2007 U.S. Dist. LEXIS 31299.

### ii.   Japan

33.   Japan has not objected to Article 10(a). The only statement issued by Japan is the diplomatically ambiguous position that "no objection to the use of postal channels for sending judicial documents to persons in Japan does not necessarily imply that the sending by such method is considered valid service in Japan; it merely indicates that Japan does not consider it as infringement of its sovereign power." Statement by Japanese Delegation to Hague Conference on Private International Law, 28 I.L.M. 1556, 1561 (1989). As the purpose of the Hague convention is to permit activities unless the signatory nation specifically objects to them as infringements upon their sovereign power, this statement is properly interpreted as license for this Court to permit Article 10 service upon Japanese defendants.

34.   In *Nanya Techn. Corp. v. Fujitsu Ltd.*, 2007 U.S. Dist. LEXIS 5754 at *17 (D. Guam. Jan. 2, 2007), the Ninth Circuit granted a motion to effect service via e-mail and international mail on a Japanese defendant. The Ninth Circuit reasoned that the "other means" [electronic mail] in which plaintiffs moved for service under Rule 4(f)(3) is not prohibited by international agreement between the United States and Japan." The court went on to give further credibility to this rationale in stating, "Even after a number of courts have upheld service by mail on Japanese parties, Japan still has apparently not objected to Article 10(a)."  See *Weight v. Kawasaki Heavy Industries, Ltd.*, 597 F. Supp. 1082, 1085 (D.C. Va. 1984). (under Article 10(a), service on KHI, a Japanese corporation, was effective by the direct mail procedure); *Schiffer v. Mazda Motor Corp.*, 192 F.R.D. 335, 337 -338 (N.D. Ga. 2000) (holding "Numerous United States courts have upheld service of process on Japanese defendants by direct mail, yet the Japanese government has made no efforts to amend its objections to the Convention so as to preclude service by mail pursuant to Article 10(a)").

### iii.   The Netherlands

35.   In *Cal. Bd. Sports v. G.H. Dijkmans Beheer B.V.*, 2009 U.S. Dist. LEXIS 97641 (S.D. Cal. Oct. 20, 2009), the court addressed the issue of electronic mail service on a foreign defendant located in the Netherlands. As are the circumstances in the present action, the *Dijkmans* court held "because the international defendant was "elusive" email service was permissible." *Cal. Bd. Sports v. G.H. Dijkmans Beheer B.V.*, 2009 U.S. Dist. LEXIS 97641 28(S.D. Cal. Oct. 20, 2009) (internal citations omitted).

  **iv.**   **Australia**

36.   On November 1, 2010, Australia acceded to the Hague Service Convention with noreservation to Article 10(a).

37.   Domestically, Australia is fond of electronic service. In 2008, the Supreme Court of the Australian Capital Territory considered, and allowed, personal service via a message sent on Facebook. See Bonnie Malkin, Australian Couple Served with Legal Documents via Facebook, TELEGRAPH.CO.UK (Dec. 16, 2008).[1]

38.   In *Williams v. Advertising Sex LLC*, the court addressed the issue of electronic service on defendants operating an infringing website. The *Williams* court held that the defendants are "sophisticated participants in e-commerce. In plaintiff's motion, plaintiff had provided e-mail addresses for defendants and related website addresses through which defendants conduct e-commerce. The court held "these websites are well established and maintained for the purposes of e-commerce. In short, [plaintiff] has demonstrated that a reliable channel of communication to [defendant] exists by way of e-mail addresses linked to established websites that [defendant] uses to conduct business." The Court concluded that service effectuated by electronic mail proper and warranted under FRCP 4(3). *Williams*, 231 F.R.D. at 487.

### III. CONCLUSION

39.   For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Ex Parte Application for an Order holding that Defendants may be validly served via email delivery to the Defendants' last known email addresses as follows:

    a.   RYOICHI WATANABE, registrant of <corbin-fisher.info> at getbigfast2010@gmail.com,

    b.   JASON PHILLIPS, registrant of <ilovecorbinfisher.com> at info@jasonphillips.co.uk,

    c.   DAVID SMITH, registrant of <cornbinfisher.com>, <corbimfisher.com>, <corbinfisheer.com>, and <corbinfissher.com> at parkdns@gmail.com,

---

[1] Found at http://www.telegraph.co.uk/news/newstopics/howaboutthat/3793491/Australian-couple-served-with-legal-documents-via-Facebook.html (last visited January 4, 2011).

      d.  ADRUSH MEDIA, registrant of <corbin-fisher.com> at adrushmedia@gmail.com,

Dated: January 7, 2010                    Respectfully submitted,

                                      s/ Marc Randazza
                                      Marc J. Randazza, SBN 269535
                                      Randazza Legal Group
                                      302 Washington Street, Suite 321
                                      San Diego, CA 92103
                                      888-667-1113
                                      305-437-7662 (fax)
                                      mjr@randazza.com
                                      Attorney for Plaintiff, Liberty Media Holdings