```
                                          FILED
                                       11 JAN 20 AM 10: 53
                                       CLERK, U.S. DISTRICT COURT
                                     SOUTHERN DISTRICT OF CALIFORNIA

                                     BY:            /s/  DEPUTY
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, a California Corporation,<br><br>                      Plaintiff,<br>vs.<br>JAMES MARCH, individually; PERRY SJOGREN, individually; DI S.A., a foreign corporation; RYOICHI WATANABE, an individual; MARK BURKE, an individual; JASON PHILLIPS, an individual; DAVID SMITH, an individual; ADRUSH MEDIA, a foreign corporation; NAMEVIEW, INC., a foreign corporation; MYCLICKTO.COM, a California corporation; and DOES 1-500,<br><br>                      Defendants. | CASE NO. 10cv1809 WQH (BLM)<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the Second Motion for Alternate Service on Defendants Ryoichi Watanabe, Jason Phillips, David Smith, and Adrush Media (ECF No. 15) filed by Plaintiff.

## BACKGROUND

    On August 31, 2010, Plaintiff Liberty Media Holdings, LLC, filed the Complaint (ECF No. 1) and on October 18, 2010, Plaintiff filed a First Amended Complaint (ECF No. 6) alleging claims of cyberpiracy, cybersquatting, and trademark infringement against Defendants

for their use of website domain names which target Plaintiff's trademark CORBIN FISHER. Plaintiff contends that Defendant Watanabe is "believed to be" a resident of Tokyo who registered an infringing domain name through Godaddy.com; Defendant Phillips is "believed to be" a resident of the UK who registered an infringing domain name through Publicdomainregistry.com; Defendant Smith is a foreign individual who registered infringing domain names through Above.com; and Defendant Adrush Media is a name holder for an infringing domain name registered through Directnic, Ltd. *Id.* at 4-8.

On November 12, 2010, Plaintiff's Motion for Alternate Service on Defendants Ryoichi Watanabe, Jason Phillips, David Smith, and Adrush Media was filed. (ECF No. 9). On December 20, 2010, the Court denied Plaintiff's Motion stating: "The Court finds that at ths stage in the proceedings, the record does not adequately demonstrate that service on Defendants via email is not prohibited by international agreement." (ECF No. 14 at 3).

On January 7, 2011, Plaintiff's Second Motion for Alternate Service on Defendants Ryoichi Watanabe, Jason Phillips, David Smith, and Adrush Media was filed. (ECF No. 15). Plaintiff seeks an order from the Court allowing Defendants to be validly served via email. Plaintiff contends that it has "engaged in diligent efforts to find the Defendants" but has been unable to do so. (ECF No. 15 at 5). Plaintiff contends that it has engaged in email exchanges with Defendants Watanabe, Phillips, Smith, and Adrush Media. Plaintiff contends that email service on the Defendants is not prohibited by the Hague Contention or the law of the specific countries at issue in this case including the United Kingdom, Japan, the Netherlands, and Australia.

## DISCUSSION

Plaintiff bears the burden of effectuating proof of service. *See Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986). To meet the due process requirement, "the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (quotation omitted).

Federal Rule of Civil Procedure 4(f) provides, in pertinent part:

> [A]n individual ... may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice...
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f); *see also* Fed. R. Civ. P. 4(h) (providing that a foreign corporation must be served in a manner prescribed by Rule 4(f)). Service under Rule 4(f)(3) must be (1) directed by the court; (2) not prohibited by international agreement; and (3) comport with constitutional notions of due process. *Rio Props., Inc.*, 284 F.3d at 1014-16.; *see also Popular Enterprises, LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004); *Viz Communications, Inc. v. Redsun*, Case No. C-01-04235 JF, 2003 WL 23901766, at *6 (N.D. Cal. Mar. 28, 2003).

After review of the Motion and the record, the Court finds that Plaintiff has been reasonably diligent in seeking to locate the unserved Defendants, the record adequately demonstrates that service on Defendants Ryoichi Watanabe, Jason Phillips, David Smith, and Adrush Media by means of email is not prohibited by international agreement, and service by delivering the summons and Complaint to Defendants' last known valid email address is "reasonably calculated, under all the circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016-17.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion for Alternate Service (ECF No. 15) is **GRANTED**. Plaintiff may effectuate service by delivering the summons and Complaint to Defendants Ryoichi Watanabe, Jason Phillips, David Smith, and Adrush Media's last known valid email address.

DATED: 1/19/11

WILLIAM Q. HAYES
United States District Judge