**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, a California Corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br>JAMES MARCH, individually; DI S.A., a foreign corporation; RYOICHI WATANABE, an individual; JASON PHILLIPS, an individual; DAVID SMITH, an individual; ADRUSH MEDIA, a foreign corporation; NAMEVIEW, INC., a foreign corproation; MYCLICKTO.COM, a California corporation; DIRECT PRIVACY ID 826C9; and DOES 1-500,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 10cv1809 WQH (BLM)<br><br>ORDER |

HAYES, Judge:

　　The matters before the Court are the Motion for Limited Temporary Restraining Order Freezing Domain Name Portfolios of Defendants in Default, Ryoichi Watanabe, Jason Phillips, David Smith, Adrush Media, and Nameview, Inc. and the Motion for Order Temporarily Sealing Portions of the File submitted by Plaintiff Liberty Media Holdings, LLC.

**BACKGROUND**

　　On August 31, 2010, Plaintiff Liberty Media Holdings, LLC, filed the Complaint (ECF No. 1) and on October 18, 2010, Plaintiff filed a First Amended Complaint (ECF No. 6)

1  alleging claims of cyberpiracy, cybersquatting, and trademark infringement against Defendants
2  for their use of website domain names which target Plaintiff's trademark CORBIN FISHER.
3  Plaintiff contends that Defendant Watanabe is likely the alias of a resident of Tokyo who
4  registered an infringing domain name through Godaddy.com; Defendant Phillips is likely the
5  alias of a resident of the UK who registered an infringing domain name through
6  Publicdomainregistry.com; Defendant Smith is a foreign individual who registered infringing
7  domain names through Above.com; Defendant Adrush Media is Dutch corporation who
8  registered an infringing domain name through Directnic, Ltd.; and Nameview, Inc. is a Canada
9  corporation who registered an infringing domain name through Nameview, Inc.

10  On January 20, 2011, this Court issued an Order permitting Plaintiff Liberty Media
11  Holdings, LLC to serve Defendants Ryoichi Watanabe, Jason Phillips, David Smith, and
12  Adrush Media via their last known valid email address. (ECF No. 22). Summons were
13  returned executed as to Defendants Ryoichi Watanabe, Jason Phillips, David Smith, Adrush
14  Media, and Nameview, Inc. (ECF Nos. 25-29). On March 28, 2011, the Clerk of the Court
15  entered Default against Defendants Ryoichi Watanabe, Jason Phillips, David Smith, Adrush
16  Media, and Nameview, Inc. (ECF No. 41).

17  **I.     Motion for Limited Temporary Restraining Order Freezing Domain Name**
18  **       Portfolios filed by Plaintiff**

19  Plaintiff requests that the Court issue a order without notice restraining Ryoichi
20  Watanabe, registrant of corbin-fisher.info at getbigfast2010@gmail.com; Jason Phillips,
21  registrant of ilovecorbinfisher.com at info@jasonphillips.co.uk; David Smith, registrant of
22  cornbinfisher.com, corbimfisher.com, corbinfisheer.com, and corbinfissher.com at
23  parkdns@gmail.com; Adrush Media, registrant of corbin-fisher.com at
24  adrushmedia@gmail.com; and Nameview, Inc. registrant of corbingfisher.com at
25  corbingfisher.com@monikerprivacy.net, and any domain name registrars utilized by the
26  Defendants from transferring any and all domain names held by or registered by Defendants
27  until Defendants satisfy any judgment entered in this case or until Defendants appear and show
28  cause as to why the order should be lifted.

Plaintiff contends that it has information regarding the Defendants in the form of WHOIS reports which include Defendants' names and email addresses. Plaintiff contends that the WHOIS information can be used to "freeze" Defendants' domain name portfolios. In other words, the WHOIS information can be used to identify Defendants Ryoichi Watanabe, Jason Phillips, David Smith, Adrush Media, and Nameview, Inc. to domain name registrars and the domain name registrars can prevent Defendants from transferring any domain name registered to them.

Plaintiff contends that it is likely to succeed on the merits because Defendants have defaulted in this case and "the only formality remaining is the Plaintiff filing its motion for a default judgment." (Mot. TRO at 4). Plaintiff contends that it will suffer irreparable injury without the requested injunction on the grounds that there is a "strong possibility that the Defendant will take actions to frustrate judgment in this case." *Id*. Plaintiff contends that collection efforts on any judgment entered against them will be "frustrated by a lack of information on the Defendants and a resistance from the applicable foreign legal systems[]" because Defendants are located outside of the United States. (Mot. TRO at 2). Plaintiff contends that "the Defendants will simply take all of [their] U.S. - based assets (their domain name portfolios) and will spirit them away to registrars in other countries[,]" if the requested order does not issue. *Id*. Plaintiff contends that Defendants will able to continue to use all of their domain names and will only be prohibited from disposing of their domain names; therefore, Defendants will not suffer prejudice and the balance of hardship tips in Plaintiff's favor. Plaintiff contends that the injunction serves the public interest of upholding intellectual property protections.

## DISCUSSION

The underlying purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). The standard for issuing a temporary restraining order is similar to the standard for issuing a preliminary

injunction, and requires that the party seeking relief show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party." *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002). "[T]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006) (citations omitted).

Federal Rule of Civil Procedure 65(b) provides that the court may issue a temporary restraining order without notice to the adverse party or its attorney "only if: (a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B). Federal Rule of Civil Procedure 65(b) also provides,

> Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

Fed. R. Civ. P. 65(b)(2).

The court may grant an injunction to provide "intermediate relief of the same character as that which may be granted finally," but the court may not grant an injunction that "deal[s] with a matter lying wholly outside the issues in the suit." *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 119 S.Ct. 1961, 1972 (1999) (quotations and citation omitted) (finding that a blanket freeze of defendant's assets was not appropriate on the grounds that it was overbroad. In virtually every case, a plaintiff could make a "statement of belief that the defendant can easily make away with or transport his money or goods, [request] an injunction on him [that is] indefinite in duration [and] disabl[e] him [from using] so much of his funds or

1 property as the court deems necessary for security or compliance with its possible decree ....").
2 An equitable freeze of a defendant's assets is only permissible when the assets are related to
3 the claims raised by the lawsuit and the seizure is ancillary to the final relief which the district
4 court is authorized to grant. *Reebok Intern., Ltd. v. Marnatech Enterprises, Inc.*, 970 F.2d 552,
5 561 (9th Cir. 1992).

6       In this case, Plaintiff Liberty Media Holdings, LLC has failed to submit evidence in
7 support of its Motion for Temporary Restraining Order. The Complaint is not verified, and the
8 Motion is not supported by an affidavit. Plaintiff has submitted the Declaration of Marc J.
9 Randazza, Plaintiff's counsel, in support of the Motion for Order Temporarily Sealing Portions
10 of the File. Randazza states in his Declaration: "In my opinion, gained through my years of
11 experience pursuing intellectual property scofflaws ... I believe that the Defendants will take
12 steps to move [their domain name] portfolios offshore to frustrate any judgment by this court."
13 (Decl. Randazza at 2). The evidence in support of the Motion for Temporary Restraining
14 Order fails to specifically indicate any facts regarding: (1) the assets which would be the
15 subject of the restraining order; (2) the Defendants Ryoichi Watanabe, Jason Phillips, David
16 Smith, Adrush Media, and Nameview, Inc. are likely to transfer their domain names; and (3)
17 the individuals and entities that would be restrained by the TRO are properly subject to
18 injunction. The Court concludes that the evidence in the record does not provide specific facts
19 to establish that immediate and irreparable injury, loss, or damage will result to the movant
20 before the adverse party can be heard in opposition.

21       In addition, Plaintiff's proposed temporary restraining order seeks to enjoin Defendants
22 from transferring not only the domain names which the Complaint alleges are infringing, but
23 also every domain name which is registered to the Defendants Ryoichi Watanabe, Jason
24 Phillips, David Smith, Adrush Media, and Nameview, Inc. Plaintiff has failed to show that the
25 assets it seeks to enjoin are related to the claims raised by the lawsuit and the seizure is
26 ancillary to the final relief which the district court is authorized to grant. *See Reebok Intern.,*
27 *Ltd.*, 970 F.2d at 561. In addition, Plaintiffs' proposed temporary restraining order contains
28 no time limitation, as required by Rule 65(b). *See Bennett v. Medtronic, Inc.*, 285 F.3d 801,

1  804 (9th Cir. 2002) (holding that a "temporary restraining order" with a 30-day duration and
2  which was entered after an adversary hearing is "appropriately characterize[d]" as a
3  preliminary injunction) (citing *Sampson v. Murray*, 415 U.S. 61, 87-88 (1974) ("where an
4  adversary hearing has been held, and the court's basis for issuing the order strongly challenged,
5  classification of [a] potentially unlimited order as a temporary restraining order seems
6  particularly unjustified"). Plaintiff's Motion for Temporary Restraining Order is DENIED.

## II.     Motion to for Order Temporarily Sealing Portions of the File

Plaintiff seeks an order permitting Plaintiff's Motion for Limited Temporary Restraining Order Freezing Domain Name Portfolios of Defendants and the Motion for Order Temporarily Sealing Portions of the File to be filed under seal "until [Plaintiff's] ex parte application for [temporary restraining order] can be ruled upon." (Mot. to Seal at 2).

The Court has ruled on Plaintiff's Motion for Limited Temporary Restraining Order Freezing Domain Name Portfolios of Defendants. Accordingly, the Motion for Order Temporarily Sealing Portions of the File is DENIED as moot.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Limited Temporary Restraining Order Freezing Domain Name Portfolios of Defendants in Default, Ryoichi Watanabe, Jason Phillips, David Smith, Adrush Media, and Nameview, Inc. filed by Plaintiff is DENIED. The Motion for Order Temporarily Sealing Portions of the File filed by Plaintiff is DENIED as moot. The Clerk of the Court shall file the Motions submitted by Plaintiff Liberty Media Holdings, LLC.

DATED: April 13, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge