Marc J. Randazza, Esq. SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 fax
mjr@randazza.com

Attorney for Plaintiff
LIBERTY MEDIA HOLDINGS, LLC

**FILED**
APR 13 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br>A California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MARCH, individually; RYOICHI WATANABE, an individual; JASON PHILLIPS, an individual; DAVID SMITH, an individual; ADRUSH MEDIA, a foreign corporation; NAMEVIEW, INC. a foreign corporation; MYCLICKTO.COM, a California corporation; and DOES 1-500<br><br>Defendants. | Case No. 10-CV-1809-WQH-BLM<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER TEMPORARILY SEALING PORTIONS OF THE FILE**<br><br>**FILED UNDER SEAL** |

1. Pursuant to Local Rule. 79.2, Plaintiff LIBERTY MEDIA HOLDINGS, L.L.C. (hereinafter, "Liberty") hereby files its Motion for Order Temporarily Sealing Portions of the File. The Plaintiff requests that the instant Motion, as well as its Application for Limited Temporary Restraining Order Freezing Domain Name Portfolio be filed under seal, as the relief requested herein would alert the Defendants to the Plaintiff's intent and allow them to thwart the relief sough in the Application for Temporary Restraining Order. The Plaintiff respectfully requests the relief requested herein.

Dated: April 7, 2011

Respectfully submitted,

*/s/ Marc J. Randazza*

Marc J. Randazza, SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
mjr@randazza.com

## CERTIFICATE OF SERVICE

As this document is being filed under seal so as not to alert Defendant as to Plaintiff's TRO, it is not being served on Defendant at this time, but it shall be served upon the Defendant pursuant to ECF No. 22 after the Court rules on the Application for Temporary Restraining Order.

Dated: April 7, 2011

Respectfully submitted,

Marc J. Randazza, SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
mjr@randazza.com

Marc J. Randazza, Esq. SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 fax
mjr@randazza.com

Attorney for Plaintiff
LIBERTY MEDIA HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br>A California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MARCH, individually; RYOICHI WATANABE, an individual; JASON PHILLIPS, an individual; DAVID SMITH, an individual; ADRUSH MEDIA, a foreign corporation; NAMEVIEW, INC. a foreign corporation; MYCLICKTO.COM, a California corporation; and DOES 1-500<br><br>Defendants. | Case No. 10-CV-1809-WQH-BLM<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER TEMPORARILY SEALING PORTIONS OF THE FILE**<br><br>**FILED UNDER SEAL** |

1. This case involves foreign Defendants who have refused to participate in this action in the misplaced hope that they can evade justice for their illegal cybersquatting enterprises. The Defendants conducts their criminal enterprises offshore, using computer servers and technological equipment all over the world. Plaintiff has a reasonable apprehension that if the instant Motion and/or Motion for Temporary Restraining Order Freezing Domain Name Portfolios of Defendants Ryoichi Watanabe, Jason Phillips, David Smith, Adrush Media, and Nameview, Inc., (Motion for TRO) are made known to the Defendants, Defendants will immediately transfer all of their domain name portfolios offshore in order to frustrate any



1

1  judgment that this court may enter against it.  See Declaration of Marc Randazza (Randazza
2  Dec.) ¶ 6.
3  2.    Pursuant to Local Rule. 79.2, Plaintiff LIBERTY MEDIA HOLDINGS, L.L.C.
4  (hereinafter, "Liberty") hereby files its Motion for Order Temporarily Sealing Portions of the
5  File.  The Plaintiff requests that the instant Motion, as well as its Application for Limited
6
7  Temporary Restraining Order Freezing Domain Name Portfolio be filed under seal, as the relief
8  requested would alert the Defendants to the Plaintiff's intent and allow them to thwart the relief
9  sough in the Application for Temporary Restraining Order.
10 3.    Federal courts have the ability to issue orders permitting a party to file papers under seal.
11 See, e.g., Nixon v. Sirica, 487 F.2d 700, 706, n.12, 159 U.S.App.D.C. 58 (D.C. Cir. 1973)
12 (Courts may issue orders or writs necessary or appropriate in aid of their jurisdiction and
13
14 principles of law.)  No statutes or rules limit or preclude a Court from sealing documents.  *See*
15 *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461, n.1 (10th Cir. 1980).  The remedy of
16 temporarily sealing court papers serves a valid purpose; *i.e.,* frustrating a scofflaw's attempts to
17 move assets out of the jurisdiction in order to evade any real liability.
18 4.    The relief requested in the Motion is narrow.  The Plaintiff only wishes for specific
19 documents to be sealed, and only until its ex parte application for a TRO can be ruled upon.
20
21 Courts faced with more expansive requests to seal have granted such requests by finding that
22 failing to seal documents could cause irreparable harm to intellectual property plaintiffs.  *See,*
23 *e.g., In re Vuitton et Fils S.A.*, 606 F.2d 1 (2d Cir. 1979).  In *Vuitton*, the Court of Appeals noted
24 that the infringers caused purposeful confusion to the buying public; *i.e.,* making purchasers
25 believe they received the genuine article.  This case is analogous as Defendant is engaged in
26 Lanham Act violations, namely 15 U.S.C § 1125(d).
27
28

5.   In situations like the one presented here "giving the defendant notice of the application for an injunction could result in an inability to provide any relief at all." *In re Vuitton et Fils S.A.*, 606 F.2d at 4. Similarly, in the present action, giving the defendants notice of the application to seal portions of the file would render the motion meaningless, as the Defendants could move all of their domains to an offshore registrar with the click of a mouse. Randazza Dec. ¶ 8. Moreover, as Defendants have been served, the responsible parties are aware of the present action and are likely monitoring any docket activity. Randazza Dec. ¶ 5.

6.   Some Courts recognize a presumption in favor of a common law right of access to judicial records. *See EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990). Other Court's favor a balancing approach; that being the public's common law right of access against the interests favoring non-disclosure. *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing ***Nixon**, supra*, 435 U.S. at 599). The purpose of transparency and access to judicial records serves to: (1) promote the integrity of the judicial system; (2) curb judicial abuses; and, (3) provide a more complete understanding of the judicial process. *See Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3rd Cir. 1988). Denying Plaintiff Liberty's request to seal this one filing and its motion for TRO for a very limited time reinforces none of those purposes. This is especially true since Defendants have defaulted, evidencing a lack of interest in participating in these proceedings.

7.   In a case analogous to this one, a District Court correctly stated that:

> [T]he giving of notice to the defendants would be likely to result in the disappearance of the counterfeit . . . goods and related records, or the "dumping" or transfer of the counterfeit goods to unknown third parties, jeopardizing plaintiffs' ability to prevent irreparable injury, to stop the distribution of counterfeit . . . products, and to determine the source and extent of the defendants' dealings in the counterfeit . . . products.
>
> *Fimab-Finanziaria Maglificio Biellese Fratelli Fil S.P.A. v. Kitchen*, 548 F. Supp. 248, 249 (S.D. Fla. 1982)

3
Points and Authorities in Support of Motion for Order Temporarily Sealing File
10-CV-1809-WQH-BLM

8. A Court Order <u>temporarily</u> sealing <u>portions</u> of the file is proper. This will allow Plaintiff Liberty to seek very limited relief – maintaining the status quo with respect to the location of the Defendants' domain name portfolio. If the Court refuses this request, Defendants will become aware that Plaintiff is attempting to hold the Defendants accountable for their actions and will likely move all domain names out of this court's jurisdiction. See Randazza Dec. ¶ 6. Plaintiff Liberty requests a temporary Court Order only until the court can rule on its TRO.

### III. Prayer for Relief

9. **WHEREFORE**, Plaintiff Liberty respectfully requests this Court hereby:

(1) Issue an Order Temporarily Sealing the instant motion as well as allowing the Plaintiff to file its application for a TRO under seal,

(3) Direct the United States Clerk of Court to seal those particular documents until the Court rules on the TRO; and,

(4) Lift the seal immediately upon the Court's ruling on the Application for TRO and notice being given by the Plaintiff that is has served the TRO upon the relevant domain name registrars and the Defendant electronically pursuant to ECF No. 22.

(5) Since there is absolutely no chance of harm to the Defendants, as the domains will not cease to function, but will simply be locked from being transferred, no bond is necessary.

Dated: April 7, 2011          Respectfully submitted,

                              /s/ Marc Randazza
                              _____
                              Marc J. Randazza, SBN 269535
                              Randazza Legal Group
                              3969 Fourth Avenue, Suite 204
                              San Diego, CA 92103
                              888-667-1113
                              305-437-7662 (fax)
                              mjr@randazza.com

## CERTIFICATE OF SERVICE

As this document is being filed under seal so as not to alert Defendant as to Plaintiff's TRO, it is not being served on Defendant at this time, but it shall be served upon the Defendant pursuant to ECF No. 22 after the Court rules on the Application for Temporary Restraining Order.

Dated: April 7, 2011

Respectfully submitted,

Marc J. Randazza, SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
mjr@randazza.com

Marc J. Randazza, Esq. SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 fax
mjr@randazza.com

Attorney for Plaintiff
LIBERTY MEDIA HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br>A California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MARCH, individually; RYOICHI WATANABE, an individual; JASON PHILLIPS, an individual; DAVID SMITH, an individual; ADRUSH MEDIA, a foreign corporation; NAMEVIEW, INC. a foreign corporation; MYCLICKTO.COM, a California corporation; and DOES 1-500<br><br>Defendants. | Case No. 10-CV-1809-WQH-BLM<br><br>**DECLARATION OF MARC RANDAZZA IN SUPPORT OF MOTION FOR ORDER TEMPORARILY SEALING PORTIONS OF THE FILE**<br><br>**FILED UNDER SEAL** |

I, MARC RANDAZZA, declare under penalty of perjury that:

1. I am the counsel for Plaintiff Liberty Media Holdings, LLC.

2. The following statements are based upon personal knowledge of the facts, and if called to, I would be able to competently testify to the facts contained herein.

3. I am familiar with the actions of foreign-based, offshore intellectual property pirates. It is within my knowledge and expertise that when intellectual property thieves become aware that their actions may result in legal liability, they quickly take steps to evade such liability.

4. As such, Plaintiff Liberty needs assistance in order to ensure that the foreign intellectual property pirates for whom a default has been entered—RYOICHI WATANABE, JASON

1

PHILLIPS, DAVID SMITH, ADRUSH MEDIA, AND NAMEVIEW, INC.—in the instant case do not spirit all U.S.-based assets to unreachable jurisdictions with the click of a mouse.

5. As Defendants are aware of the action, they are likely monitoring activity in this case.

6. In my opinion, gained through my years of experience pursuing intellectual property scofflaws, if the Defendants become aware that Plaintiff is attempting to obtain an order keeping its only U.S based assets, its domain name portfolio, from being moved offshore, I believe that the Defendants will take steps to move its portfolio offshore in order to frustrate any judgment by this court.

7. As such, it is necessary to file both the Motion Temporarily Sealing Portions of the File and the Motion to Freeze Domains under seal.

8. I have personal knowledge of how domain name registrars work, and I am personally aware of the fact that a domain name registrant can move domain names from one registrar to another by making a simple electronic request in their domain name registration account.

9. If the relevant registrars are provided with the Whois record for the offending domains, they will be able to identify all other domains registered through them, which are held by the Defendants.

10. Since there is absolutely no chance of harm to the Defendants, as the domains will not cease to function, but will simply be locked from being transferred, no bond is necessary

Dated: April 7, 2011

Respectfully submitted,

*[signature]*

Marc J. Randazza, SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
mjr@randazza.com

## CERTIFICATE OF SERVICE

As this document is being filed under seal so as not to alert Defendant as to Plaintiff's TRO, it is not being served on Defendant at this time, but it shall be served upon the Defendant pursuant to ECF No. 22 after the Court rules on the Application for Temporary Restraining Order.

Dated: April 7, 2011

Respectfully submitted,

*/s/ Marc J. Randazza*

Marc J. Randazza, SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
mjr@randazza.com

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br>A California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MARCH, individually; RYOICHI WATANABE, an individual; JASON PHILLIPS, an individual; DAVID SMITH, an individual; ADRUSH MEDIA, a foreign corporation; NAMEVIEW, INC. a foreign corporation; MYCLICKTO.COM, a California corporation; and DOES 1-500<br><br>Defendants. | Case No. 10-CV-1809-WQH-BLM<br><br>**ORDER GRANTING MOTION FOR ORDER TEMPORARILY SEALING PORTIONS OF THE FILE**<br><br>**FILED UNDER SEAL** |

**THIS CAUSE** came before the Court on Plaintiff's Motion to Temporarily Seal Portions of the File (hereinafter, the Motion). The Court, having considered the Motion and being otherwise duly advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is granted. Therefore, the Motion, as well as Plaintiff's Application for Limited Temporary Restraining Order Freezing Domain Name Portfolio (herinafter Application for TRO) shall be filed under seal. Such portions of the file shall remain under seal until the Court's ruling on the Application for TRO and notice being

1



given by the Plaintiff that is has served the TRO upon the relevant domain name registrars and the Defendants electronically pursuant to ECF No. 22.

As soon as the Court rules on the Application for TRO, the Plaintiff shall serve all of the sealed documents, and the Court's Order on the Application for TRO upon the Defendants pursuant to ECF No. 22, and the clerk shall unseal all of the file.

**IT IS SO ORDERED.**

Dated: _____, 2011

_____
United States District Judge