UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> JAMES MARCH, individually; et al., <br><br> Defendants. | Case No. 10cv1809-WQH (BLM) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EARLY DISCOVERY** <br><br> [ECF No. 50] |

Plaintiff Liberty Media Holdings operates a network of websites under the Corbin Fisher trademark, including CorbinFisher.com, which provides services of interest to the adult entertainment community.  ECF No. 6 at 3.  Plaintiff's First Amended Complaint against both named and Doe defendants asserts claims of cyberpiracy and trademark infringement.  Id. at 2-19.  Plaintiff alleges that Defendants are "'cybersquatters' – individuals who register and/or use domain names that are confusingly similar to the trademarks, registered or otherwise, of their targets . . . to profit either from selling the domain names on the domain name after-market, using the domain names to earn click-through advertising fees, or merely to divert a certain percentage of traffic, otherwise destined to arrive at the Plaintiff's website, to other websites."  Id. at 2.  Plaintiff seeks damages as well as injunctive relief to transfer ownership of the infringing domain names to the Plaintiff's control.  Id.

Plaintiff alleges that Defendant James March, whose address is unknown and whose name

1  may be an alias, registered and/or used the domain name wwwcorbinfisher.com with a bad faith

2  intent to profit from such registration and/or use.  Id. at 3-4.  Plaintiff alleges that Defendant

3  March registered this domain name with Enom, Inc.  Id. at 4.

4          On November 14, 2011, Plaintiff filed a motion seeking an extension of the deadline for

5  service of process and leave to engage in early discovery to determine the true location of

6  Defendant March.  ECF No. 50 ("Pl.'s Mot.").  On November 18, 2011, Judge Hayes granted

7  Plaintiff's request for an extension of time to serve Defendant March.  ECF No. 52.  As a result,

8  only Plaintiff's request for early discovery in aid of service regarding Defendant March is presently

9  before the Court.

10          Plaintiff seeks an Order from this Court allowing it to propound discovery on Enom, Inc.,

11  Strobe.org, Network Solutions, and the Planet.com Internet Services, Inc. for "any and all

12  documents and/or information pertinent to identify and locate Defendant March."  Pl.'s Mot. at

13  9.[1]  Specifically, Plaintiff seeks to discover the IP addresses used to access the services provided

14  by Enom, Inc., Strobe.org, Network Solutions, and the Planet.com Internet Services, Inc.  Id. at

15  8.  In order to identify the users of these IP addresses, Plaintiff also requests the ability to

16  subpoena the ISPs—some of which may also be cable operators—that control the IP addresses.

17  Id. at 8-9.  Furthermore, Plaintiff "seeks to depose and/or issue interrogatories to the Internet

18  subscriber identified by each ISP, in order to determine whether or not they are the proper

19  defendant in this action."  Id. at 9.

20          Having read all papers filed in connection with Plaintiff's Motion for Early Discovery, and

21  having considered the issues raised therein, including the requirements of the Cable Privacy Act,

22  47 U.S.C. § 551, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's motion.

23                                    <u>**DISCUSSION**</u>

24  **A.    The Cable Privacy Act**

25          The Cable Privacy Act generally prohibits cable operators from disclosing personally

26  identifiable information regarding subscribers without the prior written or electronic consent of

27

28          [1] Page references are to Plaintiff's Memorandum of Points and Authorities in Support of its Motion for Early Discovery (ECF No. 50-1).

the subscriber.  47 U.S.C. § 551(c)(1).  However, a cable operator may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order.  47 U.S.C. § 551(c)(2)(B).  A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

**B.    Early Discovery**

A party may not seek discovery from any source before the Rule 26(f) conference unless that party obtains a stipulation or court order to conduct the discovery.  Fed. R. Civ. P. 26(d)(1). A court order allowing early discovery may be appropriate "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) (adopting and applying the conventional standard of good cause in evaluating a plaintiff's request for expedited discovery and noting that "courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition").

Although discovery usually takes place only after a defendant has been served, "[s]ervice of process can pose a special dilemma for plaintiffs in cases . . . in which the tortious activity occurred entirely on-line . . . because the defendant may have used a fictitious name and address in the commission of the tortious acts." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999).  Accordingly, courts have, in rare cases, "permitt[ed] limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Id. (citations omitted).

In determining whether a motion for expedited discovery should be granted to identify anonymous Internet users, courts consider whether: (1) the plaintiff can "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court"; (2) the plaintiff has "identif[ied] all previous steps taken to locate the elusive defendant"; and (3) the "plaintiff's suit against defendant could

1   withstand a motion to dismiss." Id. at 578-80.

2   **1.   Identification of Defendant**

3   Plaintiff states that "[s]everal other Defendants in this case have been identified and

4   appropriately served," and that only Defendant March "has continued to elude the Plaintiff's

5   efforts to effect service." Pl.'s Mot. at 5. Plaintiff contends, however, that it has "sufficiently

6   identified" Defendant March. Id. As a result of searching the public Whois information for

7   wwwcorbinfisher.com, Plaintiff has determined that the website is registered to a James March,

8   and Plaintiff has also determined that the allegedly infringing website uses Enom, Inc. as a

9   registrar. Id. at 7. Moreover, the publicly available information for the allegedly infringing

10  website lists a Strobe.org email address as the contact information. Id. Thus, Plaintiff contends

11  that Enom, Inc. and Strobe.org likely have Defendant March's name, address, and billing

12  information, amongst other pertinent contact information. Id. Plaintiff further contends that

13  even if Defendant March provided these companies with false information, "it is likely that login

14  IP addresses will be provided by some of the [ ] companies, and these will provide valuable

15  insight into the identity of the proper party . . . ." Id. The Court therefore finds that Plaintiff has

16  made a satisfactory showing that there is a real person or entity behind the allegedly infringing

17  website who would be amenable to suit in federal court. See Columbia Ins. Co., 185 F.R.D. at

18  578-79.

19  **2.   Previous Steps Taken to Locate Defendant**

20  Plaintiff avers that it hired an outside contractor to try to find Defendant March, to no

21  avail, and also used available research tools to locate Defendant March, albeit unsuccessfully.

22  Pl.'s Mot. at 6, Decl. Eric Gapp ¶¶ 6-7. Because registering the allegedly infringing domain name

23  was an online transaction, contacting the internet companies connected to the allegedly

24  infringing website appears to be the only way to obtain detailed and accurate identifying

25  information for Defendant March. Without discovery, there are no other measures Plaintiff can

26  take to identify Defendant March or obtain his personal information. The Court therefore finds

27  that Plaintiff has made a good faith effort to comply with the requirements of service of process

28  and specifically identify the defendant. See Columbia Ins. Co., 185 F.R.D. at 579.

1      **3.   Whether Complaint Could Withstand a Motion to Dismiss**

2           a.   Cyberpiracy (15 U.S.C. § 1125(d))

3      "The Anti-Cybersquatting Consumer Protection Act establishes civil liability for 'cyberpiracy'

4  where a plaintiff proves that (1) the defendant registered, trafficked in, or used a domain name;

5  (2) the domain name is identical or confusingly similar to a protected mark owned by the

6  plaintiff; and (3) the defendant acted with 'bad faith intent to profit from that mark.'" DSPT Int'l,

7  Inc. v. Nahum, 624 F.3d 1213, 1218-19 (9th Cir. 2010) (footnote omitted) (quoting 15 U.S.C.

8  § 1125(d)(1)(A).  In determining whether a person has a bad faith intent to profit, a court may

9  consider, amongst other things, "the person's intent to divert consumers from the mark owner's

10  online location to a site accessible under the domain name that could harm the goodwill

11  represented by the mark," as well as "the person's provision of material and misleading false

12  contact information when applying for the registration of the domain name . . . ."  15 U.S.C. §

13  1125(d)(1)(B)(I).

14      Plaintiff alleges that it is the owner of the Corbin Fisher trademark and operates a network

15  of websites under the mark, including CorbinFisher.com.  ECF No. 6 at 2-3.  Plaintiff alleges that

16  Defendant March registered the confusingly similar domain name wwwcorbinfisher.com, without

17  Plaintiff's authorization, to "capitalize on the popularity of [Plaintiff's] online services offered in

18  connection with [Plaintiff's] mark."  Id. at 4, 9, 11, 13.  Plaintiff alleges that Defendant March

19  uses this domain name "in a scheme to profit from the [Plaintiff's] Marks in bad faith" because

20  his "misleading webpage[] contain[s] links to other webpages where third party goods and

21  services are located," and Defendant March likely receives "financial consideration for this

22  misdirected traffic."  Id. at 10-11.  Notably, an exhibit attached to Plaintiff's complaint indicates

23  that when Defendant March registered this domain name, the address he provided was "123 ABC

24  lane" and the phone number was "2342342342."  Id. at Ex. 1.  Accordingly, Plaintiff states a

25  prima facie claim for cyberpiracy that could withstand a motion to dismiss.  See Columbia Ins.

26  Co., 185 F.R.D. at 579-80.

27           b.   Trademark Infringement (15 U.S.C. § 1125(a))

28      "To be liable for trademark infringement under § 1125(a), a person must (1) use in

commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or misrepresents the characteristics of his or another person's goods or services." Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902 (9th Cir. 2007) (citing 15 U.S.C. § 1125(a)). "The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products." Abercrombie & Fitch Co. v. Moose Creek, Inc., 486 F.3d 629, 633 (9th Cir. 2007) (citation omitted).

Plaintiff alleges that it has been using the Corbin Fisher mark "in international commerce in connection with the adult entertainment industry since as early as January 2004." ECF No. 6 at 8. Plaintiff further alleges that it has registered a number of Internet domain names that correspond to Plaintiff's trademarks, such as corbinfsher.com, in order to provide customers with easy access to its online products and services. Id. at 9. Plaintiff therefore alleges that "Internet users who navigate their browsers to [Defendant March's domain, wwwcorbinfisher.com] would be misled to believe that the Infringing Domain[] is in some way connected to and affiliated with the Plaintiff." Id. Plaintiff alleges that Defendant March and his domain name are not affiliated with, or sponsored by, Plaintiff, and Defendant March has never been authorized by Plaintiff to use or register any name or mark that includes Plaintiff's mark. Id. at 11. Plaintiff alleges that Defendant March "adopted and used the Corbin Fisher mark and the Infringing Domain Name[] for the purpose of misleading and confusing the public about its association with [Plaintiff], and trading on the goodwill, reputation, and fame of the Corbin Fisher mark." Id. at 12. As such, Plaintiff has alleged the prima facie elements of trademark infringement pursuant to 15 U.S.C. § 1125(a) that could withstand a motion to dismiss. See Columbia Ins. Co., 185 F.R.D. at 579-80.

       c.    Willful Trademark Infringement  (15 U.S.C. § 1114(1))

The Lanham Act allows the holder of a protectible trademark to hold liable any person who, without consent, "use[s] in commerce any . . . registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . ." 15 U.S.C.

§ 1114(1).  Thus, "to prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion."  Network Automation, Inc. v. Advanced Sys. Concepts, Inc., 638 F.3d 1137, 1144 (9th Cir. 2011) (citation and internal quotation marks omitted).

As stated above, Plaintiff has alleged a protectible ownership interest in the Corbin Fisher mark and that Defendant March's use of a confusingly similar domain name is likely to cause confusion amongst Internet users seeking Plaintiff's goods and services.  Plaintiff not only alleges that Defendant chose the allegedly infringing domain name in order "to deceive the public as to the origin, sponsorship, or approval of the services of Defendant[]," but also that Defendant acted in order to "deliberately pass off Defendant['s] services as those of [Plaintiff]."  ECF No. 6 at 15.  Accordingly, Plaintiff has alleged a prima facie claim for trademark infringement pursuant to 15 U.S.C. § 1114(1) that could withstand a motion to dismiss.  See Columbia Ins. Co., 185 F.R.D. at 579-80.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that:

1.     Plaintiff may serve subpoenas, pursuant to Fed. R. Civ. P. 45, on Enom, Inc., Strobe.org, Network Solutions, and the Planet.com Internet Services, Inc. that seek the name, address, credit card billing address, and email address of Defendant March, as well as all IP address login information for the accounts held at Enom, Inc., Strobe.org, Network Solutions, and the Planet.com Internet Services, Inc.  Plaintiff also may serve subpoenas seeking the name, address, credit card billing address, and email address of Defendant March on any appropriate ISP for any IP address(es) identified as being used by James March.  Plaintiff's request to conduct additional discovery, including serving interrogatories or deposing individuals, is **DENIED** as Plaintiff has not made the requisite showing for such discovery nor has it adequately described the specific discovery to be conducted;

2.     Plaintiff may only use the disclosed information for the sole purpose of protecting its rights in pursuing this litigation;

3. Within seven (7) calendar days after service of the subpoenas, Enom, Inc., Strobe.org, Network Solutions, the Planet.com Internet Services, Inc., and/or any other ISPs that are identified through the discovered IP addresses, shall notify the subscribers that their identities are sought by Plaintiff. Each subscriber whose identity is sought may, within twenty-one (21) calendar days from the date of such notice, file documents with the Court that contest the subpoena;

4. If Enom, Inc., Strobe.org, Network Solutions, and/or the Planet.com Internet Services, Inc. wish to move to quash the subpoena issued to them, they shall do so before the return date of the subpoena. If such a motion is brought, Enom, Inc., Strobe.org, Network Solutions, and/or the Planet.com Internet Services, Inc. shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion; and

5. Plaintiff shall provide a copy of this Order to Enom, Inc., Strobe.org, Network Solutions, and the Planet.com Internet Services, Inc. when the subpoenas are served on each of them.

**IT IS SO ORDERED.**

DATED:  November 22, 2011

_Barbara Major_

BARBARA L. MAJOR
United States Magistrate Judge