# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, a California Corporation,<br><br>Plaintiff,<br>vs.<br>RYOICHI WATANABE, an individual; JASON PHILLIPS, an individual; DAVID SMITH, an individual; ADRUSH MEDIA, a foreign corporation; and DOES 1-500,<br><br>Defendants. | CASE NO. 10cv1809 WQH (BLM)<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Application for a Limited Temporary Restraining Order Freezing Domain Name Portfolios and the Motion for Order Temporarily Sealing Portions of the File submitted by Plaintiff Liberty Media Holdings, LLC.

## I.   Background

On August 31, 2010, Plaintiff Liberty Media Holdings, LLC, filed the Complaint (ECF No. 1) and on October 18, 2010, Plaintiff filed a First Amended Complaint (ECF No. 6) alleging claims of cyberpiracy, cybersquatting, and trademark infringement against Defendants Watanabe, Phillips, Smith, and Adrush Media for their use of website domain names which target Plaintiff's trademark CORBIN FISHER. Plaintiff contends that Defendant Watanabe is "believed to be" a resident of Tokyo who registered an infringing domain name through

1  Godaddy.com; Defendant Phillips is "believed to be" a resident of the UK who registered an
2  infringing domain name through Publicdomainregistry.com;  Defendant Smith is a foreign
3  individual who registered infringing domain names through Above.com; and Defendant
4  Adrush Media is a name holder for an infringing domain name registered through Directnic,
5  Ltd. *Id.* at 4-8.

6      On January 20, 2011, the Court granted Plaintiff permission to serve Defendants
7  Watanabe, Phillips, Smith, and Adrush Media via their last known email addresses. (ECF No.
8  22).  On January 26, 2011, Plaintiff returned executed summons of service for Defendants
9  Watanabe, Phillips, Smith, and Adrush Media. (ECF Nos. 25-28).

10      On March 28, 2011, the Clerk of the Court entered default against Defendants
11  Watanabe, Phillips, Smith, and Adrush Media. (ECF No. 41).  On August 5, 2011, Plaintiff
12  filed a Motion for Entry of Default Judgment Against Defendants Watanabe, Phillips, Smith,
13  and Adrush Media. (ECF No. 45).

14      On November 18, 2011, the Court granted Plaintiff's Motion for Entry of Default
15  Judgment finding that Plaintiff is entitled to an award of: (1)  $100,000 against Defendant
16  Watanabe for the domain name www.corbin-fisher.info; (2) $100,000 against Defendant
17  Phillips for the domain name www.ilovecorbinfisher.com; (3) $400,000 against Defendant
18  Smith  for  the  domain  names  www.cornbinfisher.com;  www.corbimfisher.com;
19  www.corbinfisheer.com; and www.corbinfissher.com; and (4) $100,000 against Defendant
20  Adrush Media for domain name www.corbin-fisher.com.  In the Motion for Entry of Default
21  Judgment, Plaintiff also sought an injunction which included a request for an order: "Directing
22  Verisign, and all other domain name registrars to additionally freeze the entire domain name
23  portfolio held by the Defendants, as such portfolios likely are the only recoverable asset that
24  Defendants have."  (ECF No. 45 at 12).  The Court did not grant the injunction freezing the
25  entire domain name portfolio held by the Defendants on the grounds that Plaintiff sought relief
26  in excess of the injunctive relief requested in the Complaint.  The Court stated: "Plaintiff may
27  file a supplemental motion for injunctive relief no later than fourteen days from the date of this
28  order. (ECF No. 53 at 8).  Plaintiff failed to file a supplemental motion for injunctive relief.

1   The Court concluded: "The Court finds that entry of a default judgment is not appropriate at
2   this stage of the proceedings on the grounds that there are claims proceeding against Defendant
3   James March." *Id*. (citing Fed. R. Civ. P. 54(b)).

4       On March 22, 2012, Defendant March was dismissed with prejudice. (ECF No. 59).
5   Plaintiff has not moved for entry of default judgment against Defendants Watanabe, Phillips,
6   Smith, and Adrush Media.

7       On April 30, 2012, Plaintiff submitted an Application for a Limited Temporary
8   Restraining Order Freezing Domain Name Portfolios and a Motion for Order Temporarily
9   Sealing Portions of the File. Plaintiff seeks an Order as follows: "any domain name registrars
10  or registries (including Verisign, Inc.) utilized by the Defendants [Watanabe, Phillips, Smith,
11  and Adrush Media] shall immediately freeze any and all domain names held by or registered
12  by the Defendants so that they may not be transferred to any other parties." (Proposed Order
13  at 1).

14  **II.     Application for Limited Temporary Restraining Order Freezing Domain Name**
15          **Portfolios**

16      Plaintiff requests that the Court issue a order without notice restraining Ryoichi
17  Watanabe, registrant of corbin-fisher.info at getbigfast2010@gmail.com; Jason Phillips,
18  registrant of ilovecorbinfisher.com at info@jasonphillips.co.uk; David Smith, registrant of
19  cornbinfisher.com, corbimfisher.com, corbinfisheer.com, and corbinfissher.com at
20  parkdns@gmail.com; and Adrush Media, registrant of corbin-fisher.com at
21  adrushmedia@gmail.com and any domain name registrars utilized by the Defendants from
22  transferring any and all domain names held by or registered by Defendants until Defendants
23  satisfy any judgment entered in this case or until Defendants appear and show cause as to why
24  the order should be lifted.

25      Plaintiff asserts that it has information regarding the Defendants in the form of WHOIS
26  reports which include Defendants' names and email addresses. Plaintiff contends that the
27  WHOIS information can be used to "freeze" Defendants' domain name portfolios. In other
28  words, the WHOIS information can be used to identify Defendants Ryoichi Watanabe, Jason

1  Phillips, David Smith, and Adrush Media to domain name registrars and the domain name
2  registrars can prevent Defendants from transferring any domain name registered to them.
3        Plaintiff contends that it is likely to succeed on the merits because Defendants have
4  defaulted in this case.  Plaintiff contends that it will suffer irreparable injury without the
5  requested injunction on the grounds that there is a "strong possibility that the Defendant[s] will
6  take actions to frustrate judgment in this case." (App. for TRO at 6).  Plaintiff asserts that
7  "none of the remaining Defendants have communicated with the Plaintiff not made any attempt
8  to resolve the judgments against them." *Id.* at 9.  Plaintiff contends that Defendants will able
9  to continue to use all of their domain names and will only be prohibited from disposing of the
10 domain names; therefore, Defendants will not suffer prejudice and the balance of hardship tips
11 in Plaintiff's favor.  Plaintiff contends that the injunction serves the public interest of
12 upholding intellectual property protections.
13       The underlying purpose of a temporary restraining order is to preserve the status quo
14 and prevent irreparable harm before a preliminary injunction hearing may be held.  *Granny*
15 *Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *see*
16 *also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006).  The standard
17 for issuing a temporary restraining order is similar to the standard for issuing a preliminary
18 injunction, and requires that the party seeking relief show either "(1) a combination of
19 likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious
20 questions going to the merits are raised and the balance of hardships tips sharply in favor of
21 the moving party." *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS*,
22 306 F.3d 842, 873 (9th Cir. 2002).  "[T]hese two formulations represent two points on a sliding
23 scale in which the required degree of irreparable harm increases as the probability of success
24 decreases." *Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1123 (9th
25 Cir. 2006) (citations omitted).
26       Federal Rule of Civil Procedure 65(b) provides that the court may issue a temporary
27 restraining order without notice to the adverse party or its attorney "only if: (a) specific facts
28 in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss,

or damage will result to the movant before the adverse party can be heard in opposition; and (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B). Federal Rule of Civil Procedure 65(b) also provides:

> Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

Fed. R. Civ. P. 65(b)(2).

The court may grant an injunction to provide "intermediate relief of the same character as that which may be granted finally," but the court may not grant an injunction that "deal[s] with a matter lying wholly outside the issues in the suit." *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 326 (1999) (quotations and citation omitted). An equitable freeze of a defendant's assets is only permissible when the assets are related to the claims raised by the lawsuit and the seizure is ancillary to the final relief which the district court is authorized to grant. *See Reebok Intern., Ltd. v. Marnatech Enterprises, Inc.*, 970 F.2d 552, 561 (9th Cir. 1992).

"A party seeking an asset freeze must show a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted." *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009) (holding that irreparable injury may be found justifying asset freeze where the defendant had diverted $35 million from an employee stock ownership plan to his personal account).

Plaintiff previously sought default judgment against Defendants including an injunction: "[d]irecting Verisign, and all other domain name registrars to additionally freeze the entire domain name portfolio held by the Defendants, as such portfolios likely are the only recoverable asset that Defendants have." (ECF No. 45 at 12). However, in the Complaint Plaintiff sought an injunction transferring only the "Infringing Domain Names and/or any other URLs that incorporate the Plaintiff's trademarks to the Plaintiff ...directing each Defendant to

relinquish all rights in the Infringing Domain Names and to transfer the Infringing Domain Names to the Plaintiff ... [and] directing the relevant registrar of each of the Infringing Domain Names to transfer the Infringing Domain Names to the Plaintiff without delay ...." (ECF No. 6 at 14). The Court declined to grant the request for injunction stating: "Plaintiff seeks an injunction in the Motion for Default Judgment which exceeds the injunctive relief requested in the Complaint." (ECF No. 53 at 8).

In the current Application for Temporary Restraining Order, Plaintiff again seeks an injunction freezing the entire domain portfolio of Defendants. Plaintiff has failed to show that the assets it seeks to enjoin are related to the claims raised by the lawsuit and the seizure is ancillary to the final relief which the district court is authorized to grant. *See Reebok Intern., Ltd.*, 970 F.2d at 561. Plaintiff has also failed to specifically identify the assets which would be the subject of the restraining order or show that the individuals and entities that would be restrained by the TRO are properly subject to injunction.

Plaintiff has failed to submit any evidence in support of its Application for Temporary Restraining Order. Plaintiff has failed to show that there is a likelihood the claimed assets will be dissipated or that Plaintiff will be unable to recover monetary damages. *See Johnson*, 572 F.3d at 1085. Although Plaintiff contends that Defendants have failed to communicate with Plaintiff, the same could be said of many defaulting defendants. Failure to communicate is not adequate to justify freezing Defendants' assets. The Court concludes that the record does not show that immediate and irreparable injury, loss, or damage will result to the movant.

In addition, Plaintiffs' proposed temporary restraining order contains no time limitation, as required by Rule 65(b). *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 804 (9th Cir. 2002) (holding that a "temporary restraining order" with a 30-day duration and which was entered after an adversary hearing is "appropriately characterize[d]" as a preliminary injunction) (citing *Sampson v. Murray*, 415 U.S. 61, 87-88 (1974) ("where an adversary hearing has been held, and the court's basis for issuing the order strongly challenged, classification of [a] potentially unlimited order as a temporary restraining order seems particularly unjustified"). Plaintiff's Application for Temporary Restraining Order is DENIED.

1 **III.   Motion for Order Temporarily Sealing Portions of the File**

2       Plaintiff seeks an order permitting Plaintiff's Application for Limited Temporary
3 Restraining Order Freezing Domain Name Portfolios of Defendants and the Motion for Order
4 Temporarily Sealing Portions of the File to be filed under seal "until [Plaintiff's] application
5 for [temporary restraining order] can be ruled upon."  (Mot. to Seal at 2).

6       The Court has ruled on Plaintiff's Application for Limited Temporary Restraining Order
7 Freezing Domain Name Portfolios of Defendants.  Accordingly, the Motion for Order
8 Temporarily Sealing Portions of the File is DENIED as moot.

9 **IV.   Conclusion**

10       IT IS HEREBY ORDERED that the Application for Limited Temporary Restraining
11 Order Freezing Domain Name Portfolios of Defendants in Default, Ryoichi Watanabe, Jason
12 Phillips, David Smith, and Adrush Media submitted by Plaintiff Liberty Media Holdings, LLC
13 is DENIED.  The Motion for Order Temporarily Sealing Portions of the File submitted by
14 Plaintiff Liberty Media Holdings, LLC is DENIED as moot.  The Clerk of the Court shall file
15 the Application for Limited Temporary Restraining Order Freezing Domain Name Portfolios
16 and the Motion for Order Temporarily Sealing Portions of the File.

17 DATED:  May 3, 2012

**WILLIAM Q. HAYES**
United States District Judge