Marc J. Randazza, Esq. CA Bar No. 269535
Randazza Legal Group
6525 Warm Springs Rd., Suite 100
Las Vegas, NV 89118
888-667-1113
619-866-5976 fax
mjr@randazza.com

Attorney for Plaintiff
LIBERTY MEDIA HOLDINGS, LLC

FILED
MAY -3 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

VIA FAX

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br>A California Corporation<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JAMES MARCH, individually; PERRY SJOGREN, individually; DI S.A, a foreign corporation; CORBINFISHERAW.COM, a Washington Corporation, CORBINFISHERRAW.COM, a Washington corporation; ABOVE.COM DOMAIN PRIVACY, a foreign corporation; DOMAINS BY PROXY, INC., an Arizona Corporation; PRIVACYPROTECT.ORG; ADRUSH MEDIA, a foreign corporation; NAMEVIEW, INC. a foreign corporation; MYCLICKTO.COM, a California corporation; WHOISPROTECTOR, INC., an Illinois corporation; DIRECT PRIVACY ID 826C9; WHOIS PRIVACY PROTECTION SERVICES, INC., a Washington Corporation; and DOES 1-500<br><br>　　　　　Defendants. | Case No. 10-CV-1809-WQH-BLM<br><br>**MOTION FOR ORDER TEMPORARILY SEALING PORTIONS OF THE FILE** |

1

Pursuant to the Electronic Case Filing Administrative Polices and Procedures Manual, Section 2.j, Plaintiff LIBERTY MEDIA HOLDINGS, LLC (hereinafter, "Liberty") hereby files its Motion for Order Temporarily Sealing Portions of the File. The Plaintiff requests that its Application for Limited Temporary Restraining Order be filed under seal, as the relief requested therein would alert the Defendants to the Plaintiff's intent and allow them to thwart the relief sought in the Application for Temporary Restraining Order ("TRO"). The Plaintiff respectfully requests the relief requested herein.

## I. Statement of Facts

This case involves foreign Defendants who obfuscate actual contact information to avoid legal ramifications for their cybersquatting. The Defendants conducts their criminal enterprise offshore, using computer servers and technological equipment all over the world, including in this district. Plaintiff has a reasonable apprehension that if the Motion for TRO is made known to the Defendants, the Defendants will immediately transfer all of their assets offshore in order to frustrate judgment.

## II. Memorandum of Law

1. Federal courts have the ability to issue orders permitting a party to file papers under seal. *See, e.g., Nixon v. Sirica*, 487 F.2d 700, 706, n.12, 159 U.S.App.D.C. 58 (D.C. Cir. 1973) (Courts may issue orders or writs necessary or appropriate in aid of their jurisdiction and principles of law.) No statutes or rules limit or preclude a Court from sealing documents. *See Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461, n.1 (10th Cir. 1980). The remedy of temporarily sealing court papers serves a valid purpose; *i.e.*, frustrating a scofflaw's attempts to move assets out of the jurisdiction in order to evade any real liability.

2. The relief requested in the Motion is narrow. The Plaintiff only wishes for specific documents to be sealed, and only until its application for a TRO can be ruled upon. Courts faced

with more expansive requests to seal have granted such requests, by finding that failing to seal documents could cause irreparable harm to intellectual property plaintiffs. *See, e.g., In re Vuitton et Fils S.A.*, 606 F.2d 1 (2d Cir. 1979). In *Vuitton*, the Court of Appeals noted that the infringers caused purposeful confusion to the buying public; *i.e.*, making purchasers believe they received the genuine article. This case is analogous as Defendants are engaged in Lanham Act violations, namely 15 U.S.C § 1125(d).

3. In situations like the one presented here, "giving the defendant notice of the application for an injunction could result in an inability to provide any relief at all." *Vuitton*, 606 F.2d at 4. Moreover, as Defendants have been served, the responsible party is aware of the present action and is likely monitoring any docket activity.

4. Some Courts recognize a presumption in favor of a common law right of access to judicial records. *See EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990). Other Court's favor a balancing approach; that being the public's common law right of access against the interests favoring non-disclosure. *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon*, 435 U.S. at 599). The purpose of transparency and access to judicial records serves to: (1) promote the integrity of the judicial system; (2) curb judicial abuses; and, (3) provide a more complete understanding of the judicial process. *See Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988). Denying Plaintiff Liberty's request to seal this one filing for a very limited time reinforces none of those purposes. This is especially true since Defendants have defaulted, evidencing a lack of interest in participating in these proceedings.

5. In a case analogous to this one, a District Court correctly stated that:

> [T]he giving of notice to the defendants would be likely to result in the disappearance of the counterfeit . . . goods and related records, or the "dumping" or transfer of the counterfeit goods to unknown third parties, jeopardizing plaintiffs' ability to prevent irreparable injury, to stop the distribution of counterfeit . . . products, and to determine the source and extent of the defendants' dealings in the counterfeit . . . products.

*Finnab-Finanziaria Maglificio Biellese Fratelli Fil S.P.A. v. Kitchen*, 548 F. Supp. 248, 249 (S.D. Fla. 1982).

6. A Court Order temporarily sealing portions of the file is proper. This will allow Plaintiff Liberty to seek very limited relief. If the Court refuses this request, Defendants will become aware that Plaintiff is attempting to hold the Defendants accountable for their actions and will react accordingly. Plaintiff Liberty requests a temporary Court Order only until the court can rule on its TRO.

### III. Prayer for Relief

1. **WHEREFORE**, Plaintiff Liberty respectfully requests this Court hereby:

   a. Issue an Order Temporarily Sealing the Plaintiff's application for a TRO.

   b. Direct the United States Clerk of Court to seal those particular documents until the Court rules on the TRO; and,

   c. Lift the seal immediately upon the Court's ruling on the Application for TRO and notice being given by the Plaintiff that is has served the TRO upon the relevant third parties and the Defendants electronically pursuant to the Court's Order permitting electronic service (ECF 22).

Dated: April 30, 2012

Respectfully Submitted,

Marc J. Randazza, CA Bar No. 269535
Randazza Legal Group
6525 Warm Springs Rd., Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
mjr@randazza.com