1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **SOUTHERN DISTRICT OF CALIFORNIA**

8

9 | LIBERTY MEDIA HOLDINGS, LLC, a | CASE NO. 10cv1809 WQH (BLM)

10 California Corporation,

ORDER

Plaintiff,

11 vs.

12 RYOICHI WATANABE, an individual;
JASON PHILLIPS, an individual;

13 DAVID SMITH, an individual; ADRUSH
MEDIA, a foreign corporation; and DOES

14 1-500,

15 Defendants.

HAYES, Judge:

16
On August 31, 2010, Plaintiff Liberty Media Holdings, LLC, initiated this action by

17
filing the Complaint. (ECF No. 1). On October 18, 2010, Plaintiff filed a First Amended

18
Complaint (ECF No. 6) asserting claims of cyberpiracy, cybersquatting, and trademark

19
infringement against Defendants March Watanabe, Phillips, Smith, and Adrush Media for their

20
use of website domain names which target Plaintiff's trademark CORBIN FISHER.[1]

21
On March 28, 2011, the Clerk of the Court entered default against Defendants

22
Watanabe, Phillips, Smith, and Adrush Media. (ECF No. 41). On August 5, 2011, Plaintiff

23
filed a Motion for Entry of Default Judgment against Defendants Watanabe, Phillips, Smith,

24
and Adrush Media. (ECF No. 45).

25
On November 18, 2011, this Court issued an order stating:

26

27 ─────────────────

28      [1]   Plaintiff also asserted claims against Defendants Perry Sjogren, DI S.A.,
Myclickto.com, Direct Privacy ID 826C9, and Mark Burke, but each of these Defendants have
since been terminated from the case.

The Court finds that Plaintiff is entitled to an award of: (1) $100,000 against Defendant Watanabe for the domain name www.corbin-fisher.info; (2) $100,000 against Defendant Phillips for the domain name www.ilovecorbinfisher.com; (3) $400,000 against Defendant Smith for the domain names www.cornbinfisher.com; www.corbimfisher.com; www.corbinfisheer.com; and www.corbinfissher.com; and (4) $100,000 against Defendant Adrush Media for domain name www.corbin-fisher.com.... The Court finds that entry of a default judgment is not appropriate at this stage of the proceedings on the grounds that there are claims proceeding against Defendant James March. *See* Fed. R. Civ. P. 54(b).

(ECF No. 53 at 8).

On March 22, 2012, Defendant James March was dismissed from this action. (ECF No. 59).

On May 25, 2012, Plaintiff filed the Motion for Entry of Default Judgment Against Defendants Watanabe, Phillips, Smith, and Adrush Media. (ECF No. 63). Plaintiff states: "the Court granted the joint motion of Plaintiff and March to dismiss March as a Defendant. Accordingly, Plaintiff renews its application for default judgment with respect to Defendants Watanabe, Phillips, Smith and Adrush Media." (ECF No. 63-1 at 2).

For the reasons stated in the Court's Order granting default judgment against Defendants Watanabe, Phillips, Smith, and Adrush Media, the Court finds that Plaintiff is entitled to an award of: (1) $100,000 against Defendant Watanabe for the domain name www.corbin-fisher.info; (2) $100,000 against Defendant Phillips for the domain name www.ilovecorbinfisher.com; (3) $400,000 against Defendant Smith for the domain names www.cornbinfisher.com; www.corbimfisher.com; www.corbinfisheer.com; and www.corbinfissher.com; and (4) $100,000 against Defendant Adrush Media for domain name www.corbin-fisher.com.

Plaintiff also seeks an award of "reasonable attorneys' fees, costs of Court and disbursements incurred herein in view of Defendants' intentional and willful infringement, pursuant to 15 U.S.C. § 1117(a) and (d); 15 U.S.C. § 1125 (d)(3)." (ECF No. 63-1 at 13). Plaintiff previously made a request for attorney's fees as part of the prior Motion for Default Judgment. The Court stated:

Section 1117 gives provides for an award of reasonable attorney's fees in "exceptional cases." 15 U.S.C. § 1117(a). In general, the term

"exceptional cases" means cases in which infringement is "deliberate and willful." *See Playboy Enterprises, Inc. v. Baccarat Clothing Co., Inc.,* 692 F.2d 1272, 1276 (9th Cir.1982) (citing *Quaker State Oil Refining Corp. v. Kooltone, Inc.*, 649 F.2d 94 (2d Cir.1981)); *see also Earthquake Sound Corp. v. Bumper Indus.,* 352 F.3d 1210, 1216 (9th Cir. 2003) ("A trademark case is exceptional where the district court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully.").

The Court finds that the factual allegations in the Complaint establish that Defendants' infringement is deliberate and willful. The Court finds that this is an exceptional case and Plaintiff is entitled to an award of reasonable attorney fees. However, Plaintiff has not requested a specific amount of attorney's fees and has not provided any evidence regarding work performed in this case. Accordingly, the Court cannot determine whether Plaintiff seeks reasonable attorney's fees. Plaintiff may file a supplemental motion for attorney's fees no later than fourteen days from the date of this order.

(ECF No. 53 at 6-7). Plaintiff did not file a supplemental motion for attorney's fees.

In the current Motion for Default Judgment, Plaintiff has not requested a specific amount of attorney's fees and has not provided any evidence regarding work performed in this case. Accordingly, the Court cannot determine whether Plaintiff seeks reasonable attorney's fees. Plaintiff's request for attorney's fees and costs is denied.

Plaintiff also seeks an award of injunctive relief. (ECF No. 63-1 at 11-12). Plaintiff requested injunctive relief in the prior Motion for Default Judgment. The Court stated:

United States Code regarding cyberpiracy allows a court to issue an "order for the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § (d)(2)(D)(i).

In the Complaint, Plaintiff seeks an injunction as follows:

a. granting a preliminary and permanent injunction transferring all Infringing Domain Names and/or any other URLs that incorporate the Plaintiff's trademarks to the Plaintiff;

b. directing each Defendant to relinquish all rights in the Infringing Domain Names and to transfer the Infringing Domain Names to the Plaintiff; and directing each Defendant to relinquish all rights in any other Internet domain names that contain the Plaintiff's marks or any other confusingly similar variation thereof;

c. directing the relevant registrar of each of the Infringing Domain Names to transfer the Infringing Domain Names to the Plaintiff without delay ....

Plaintiff seeks an injunction in the Motion for Default Judgment which exceeds the injunctive relief requested in the Complaint. *See* [*Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)] ("A judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]."). Plaintiff may file a supplemental motion for injunctive relief no later than fourteen days from the date of this order.

(ECF No. 53 at 7-8). Plaintiff did not file a supplemental motion for injunctive relief.

In the current Motion for Default Judgment, most of the injunctive relief that Plaintiff seeks exceeds the injunctive relief requested in the Complaint. *See Phillip Morris USA, Inc.*, 219 F.R.D. at 498 ("A judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]."). However, Plaintiff also seeks injunctive relief as follows:

[Plaintiff requests an order d]irecting Defendants and any relevant domain name registrars to turn the following domain names over to the Plaintiff:

1. Corbin-fisher.info
2. Ilovecorbinfisher.com
3. Cornbinfisher.com
4. Corbimfisher.com
5. Corbinfisheer.com
6. Corbinfissher.com
7. Corbin-fisher.com.

(ECF No. 63-1 at 12). The Court finds that this request for injunctive relief is consistent with the injunctive relief requested in the Complaint. Plaintiff's request for an injunction "[d]irecting Defendants [Watanabe, Phillips, Smith, and Adrush Media] and any relevant domain name registrars to turn the following domain names over to the Plaintiff: (1) Corbin-fisher.info; (2) Ilovecorbinfisher.com; (3) Cornbinfisher.com; (4) Corbimfisher.com; (5) Corbinfisheer.com; (6) Corbinfissher.com; and (7) Corbin-fisher.com" is GRANTED.

No later than fourteen days from the date of this Order, Plaintiff shall submit a proposed judgment consistent with this Order.

IT IS HEREBY ORDERED.

DATED: July 9, 2012

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge